## HOPKINS *a.* SNOW.

*Supreme Court, First District ; At Chambers, April,* 1857.

ATTACHMENT AGAINST NON-RESIDENT.—PROPERTY IN HANDS OF
THIRD PERSON.—CERTIFICATE.

Where on the service of a warrant of attachment issued against a non-resident de-
fendant, upon a person supposed to have property of the defendant in his
hands, such person furnishes to the sheriff a certificate designating the amount
and description of property of the defendant admitted to be held by the party
served, such certificate is conclusive ; and no further examination for the pur-
pose of discovering other property can be had.

But a certificate that the party served has *no* property of the defendant, is not a
certificate designating the amount and description of the property held by such
individual ; and notwithstanding such negative certificate, the party may be
examined under oath to show that he has property of the defendant.

Motion for an order that a third person alleged to have in his
hands property of a non-resident defendant, sued by attachment,
submit to an examination concerning the same.

*W. H. Wait,* for the motion.

*James Moncrief,* opposed.

MITCHELL, J.—The sheriff having an attachment against the
defendant, as a non-resident, served the same on Mr. Murphy,
of the firm of Murphy & Benedict, as having property of the
defendant in their hands. They immediately furnished him a
certificate that they had no property in their hands belonging
to the defendant. The plaintiffs now furnish an affidavit that
Mr. Murphy informed the deponent that their firm held policies
(on property of the defendant where losses had occurred) to the
amount of $3000 beyond all that the defendant owed them ; and
on that affidavit, and on notice to Mr. Murphy, they move for an
order that he be examined on oath concerning the property of
the defendant. Sections 235 and 236 of the Code direct the
execution of an attachment to be made in such case by leaving
a certified copy of the warrant of attachment with " the indi-
vidual holding such property" of the defendant, incapable of
manual delivery, " with a notice showing the property levied on,"

and that whenever the sheriff shall apply to such individual, " such individual shall furnish him with a certificate, under his hand, designating the amount and description of the property held by such individual for the benefit of the defendant; and that if such individual refuse to do so, he may be required by the court or judge to attend before him, and be examined on oath concerning the same."

These summary proceedings are not intended to be substitutes for trials between any of the parties to the action, and strangers to the action; they are not intended to operate in such cases as bills of discovery, with the advantage, to the party using them, that he may avail himself of the discovery or not, at his election, and the disadvantage to the stranger, that he can make no use of the discovery if an action should be brought by or against him. The spirit of the Code is opposed to all such discovery;—it allows a *party* in an action, by or against him, to be examined by the adverse party, but he may then use his examination in his own favor. It is not to be inferred that a power of examination was given by *implication* merely, when it would contravene the general intent of the Code. Thus, in summary proceedings after judgment and execution, as soon as a third party alleges, on his examination, that he has no property of the defendant's—that he claims as his own all that he holds—the examination must be stopped; no inquiry can be made as to the validity of his title, nor as to the extent or value of the property, or any other particulars relating to it. It was decided in Hoagland *a.* Stodolla (1 *Code, R., N. S.*, 210), that if the individual certify that he has only $75 of the defendant's, no further examination can be had. The remedy is a special one, and is limited to the cases clearly provided for. It is only when the individual refuses to give a certificate *designating the amount and description* of the property held by him, that he can be examined. The question then is, is Mr. Murphy such individual, and has he done this? If he holds the policies which the deponent says he *admitted he held* four days before the certificate was given, he is such individual, and has not done it. Then he holds the property of the defendant, but has given no certificate *designating the amount and description* of it. The oath of the witness is proof that Mr. Murphy holds that property; Mr. Murphy's certificate, not given under oath, does not invalidate that

proof, and is *no evidence* of the fact.   In the case quoted, the certificate admitted the holding of the property, and designated "the amount and description" of it; that was a compliance with the law, and exempted him from further examination.   So if he comes to be examined, and then denies the facts alleged by the witness, or denies that he holds the policies as security merely, or in any other way disproves, by his oath alone, that he holds property of the defendant, the examination must end; or if, in response to the motion, he by affidavit alleges similar facts, the motion must be denied.   As the matter now stands, he must be examined.   That examination, with the limitations above stated, will also correspond with the rule as to examining a third party on proceedings supplementary to execution.   The third party may be examined, but his examination must be arrested when he claims the property exclusively.   Other witnesses could not be brought to contradict him, for it is his examination only that the judge is authorized to take.